UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY LEE DUSENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1768 CEJ |
| | ) | |
| RICHARD LISENBEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $3.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to submit a second amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against Richard Lisenbee, who is the Sheriff of Phelps County, and Matt Shults. the administrator of the Phelps County jail. In the complaint, plaintiff asserts that the conditions of the jail violate his constitutional rights. Specifically, he alleges that the jail is overcrowded, that he and other inmates do not have access to religious services, that they are not allowed to exercise or go outside, that there are insufficient and unsanitary toilet facilities, that there is not enough room to eat, and that many inmates are forced to sleep on the floor.

## Discussion

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged

violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. However, because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint.

Under the local rules of this Court, "[a]ll actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms where applicable." E.D. Mo. Local Rule 2.06(A). Because plaintiff did not comply with Local Rule 2.06(a), the Court will require him to file an amended complaint on the appropriate form in accordance with the instructions set forth below. *Id.* ("If an action is not filed on a Court-provided form, the Court, in its discretion may order the pro se plaintiff or petitioner to file the action on a Court-provided form.").

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief. The allegations supporting plaintiff's claims against each defendant, as well as the constitutional rights that he claims that each defendant violated must be set forth in numbered paragraphs. Additionally, plaintiff must specifically state whether he is suing the defendants in their individual capacity or in their official capacity. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint. **No exhibits are to be attached to the amended complaint.** Plaintiff must sign the amended complaint and return it to the Court by the deadline set forth below.

**Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claim from the original complaint that is not included in the amended complaint will be considered abandoned**. *Id.* **If plaintiff fails to comply with this Order, this action will be dismissed without further notice to him**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall have until **January 9, 2017,** to pay an initial filing fee of $3.50. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have until **January 9, 2017**, to file an amended complaint that complies with the instructions in this Order.

Dated this 8th day of December, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).